UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN COMMUNICATIONS
NETWORK, INC., a Michigan corporation,
and DAVID STEVANOVSKI, an individual,

       Plaintiffs,                      CIVIL ACTION NO. 03 CV 73455 DT

      v.                                DISTRICT JUDGE JOHN CORBETT O'MEARA

STEUBEN ASSOCIATES, an             MAGISTRATE JUDGE VIRGINIA MORGAN
unincorporated company, and JOHN
DOE(S) one or more individuals; GLENN
S. K. WILLIAMS, an individual, FMI
PARTNERS, and FMI ENERGY,
unincorporated partners

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff ACN Inc.'s Renewed Motion for Summary Judgment and defendant's response.  Jurisdiction is founded upon 28 U.S.C. § 1332 (diversity). Plaintiffs are a company and its officers who have sued a former employee.  ACN seeks partial summary judgment against *pro se* defendant Williams for claims arising out the operation of a website.  Plaintiff claims that Mr. Williams breached a settlement agreement which required him to refrain from divulging or disclosing information relating to ACN's operations.  Plaintiff alleges that after entering into the agreement, Williams founded several entities through which he briefly operated a website which contained disparaging information about ACN.  The website

- 1 -

has been shut down and, because the entities did not appear through counsel, plaintiffs were awarded default judgments as to liability against them.  Plaintiffs now seek summary judgment against Mr. Williams personally and an injunction to prevent similar conduct in the future.  Plaintiffs apparently no longer seek money damages.  They state that they "have no desire to unnecessarily drag this case out through trial.  With a partial summary judgment providing protection against future attacks from Williams, plaintiffs would willingly enter into a mutual release of claims with the defendant and then dismiss the remainder of their claims so that this matter will come to an end."  Given that caveat and the previous findings in the case, it is recommended that the district judge grant the summary judgment motion in part, finding liability in favor of plaintiff and award no money damages, entering dismissal of the case with prejudice, without costs, and without attorneys fees to either side.  It is further recommended that the court deny injunctive relief for the reasons discussed in this Report.

*Standard of Review*

In reviewing the renewed motion for summary judgment, the court has examined affidavits and exhibits provided by both parties.  When the court considers materials submitted in addition to the pleadings, Federal Rule of Civil Procedure 12(b) provides that "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Rule 56 of the Federal Rules of Civil Procedure, provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), provides guidance.  The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case. Id., 477 U.S. at 324.  Instead the Court said, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case." Id.  Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).  Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id.; see also, Roby v. Center Companies, 679 F.Supp. 664 (E.D. Mich. 1987).

*Factual Background and Procedural History*

By way of background, in September, 2004, the district judge entered an Opinion and Order (D/E 7) granting a default judgment against the entities and directing the case to go forward only against Mr. Williams.  That opinion is incorporated herein by reference.  In brief, these proceedings were instituted by plaintiffs, a highly successful multilevel marketing organization and its founder, to prevent Mr. Williams, a former employee of ACN, from posting derogatory information about the company and its officers on the Internet.  Following his firing as chief of operations for ACN, Williams sued in the Virginia state courts and won a jury award for $500,000.  The verdict was reversed on appeal.  Williams also sued in Michigan for breach of

employment contract and was awarded a one year's pay and partial bonus.  During ACN's appeal, the parties settled the case in a confidential settlement.  Thereafter, Williams allegedly operated the website (www.acndd.com) which allegedly disparaged ACN and used its "marks" without permission.  Defendants retained no lawyer and since Mr. Williams, a non-lawyer acting *pro se*, could not represent the associated entities, default judgments were eventually entered against them.  However, no money damages were awarded because ACN had not met the requirements for entry of a sum certain and still had claims pending against Mr. Williams.

*Legal Analysis*

Initially, Mr. Williams submits that the motion should be denied because ACN failed to seek concurrence in the motion.  ACN concedes that it did not, but that the same was inadvertent.  Given the past history of the dissension between the parties, any request would have been futile.  Indeed, Mr. Williams could have concurred in the relief sought now, but has declined to do so.  Dismissal of the motion based on failure to request concurrence would elevate form over substance.  The motion should be addressed on its merits.

  *1.  Liability of Mr. Williams*

Plaintiffs seek a finding that Mr. Williams has breached the confidentiality clause of the Settlement Agreement entered into by the parties.  As noted in plaintiffs' brief, rights arising from private agreements are generally enforced through an action for breach of contract.  Digital Equip. Corp v. Desktop Direct, 511 U.S. 863, 882 (1994).  A settlement agreement, like the one here, is a contract governed by the principles of law that are applicable to contracts generally.  Mastaw v. Naiukow, 105 Mich App 25, 28 (1981).

Plaintiffs rely on the confidentiality provision of the Settlement Agreement. That clause provides in relevant part:

> "5. Confidentiality. The parties each agree to be silent and not to divulge disclose or discuss, or permit, encourage, aid or assist any agent or representative acting on his or their behalf to divulge, disclose or discuss, with any third party, the underlying facts and terms of this settlement and resolution. Further, the parties each agree not to author, assist in the creation of, provide volunteer testimony or information for the creation of, divulge, disclose or discuss any document, report, analysis, communique, brief or article concerning the other party or the operation, activities, business practices or legal proceedings of or concerning the other party. . ."

Here, there appears to be no dispute that Mr. Williams operated directly or indirectly the website at issue and that the website proclaimed a variety of disparaging information against ACN, its business practices, and its officers, including allegations of felonious activities for various financial transactions. The court has reviewed Ex. D to the motion which contains material downloaded from the website prior to its shutdown. The magistrate judge finds that the material falls under the description of material protected under the settlement agreement. There is no claim that Mr. Williams was unaware of the website or its information. Thus, the court finds that Mr. Williams has breached the terms of the settlement agreement.

However, Mr. Williams seems to raise two issues in defense: that ACN was the first to violate the confidentiality provision, and that the information on the website was true or at least fair comment. First, Mr. Williams contends that ACN first breached, or at least circumvented, the Settlement Agreement by publishing information about him and the legal proceedings against him–information adverse to him–through the website of its attorney. Only after that disclosure

was brought to his attention did he initiate the website. It is undisputed that indeed information about the legal proceedings against Mr. Williams by ACN was published on the law firm's website. When this was done is a subject of dispute, but it appears that the information may have remained on the law firm's website after the effective date of the Settlement Agreement. If so, it is arguable that ACN did report and/or cause to be reported information barred by the confidentiality provision. Accepting that as true for the purposes of this motion, however, there is no provision in the confidentiality provision that a breach by a party relieves the other party of the duty to maintain confidentiality. Not to make light of this dispute, but to state this in the vernacular: two wrongs do not make a right. Thus, Mr. Williams cannot argue that a purported breach by ACN justifies his conduct. Second, it is also irrelevant in determining liability under the Settlement Agreement whether the information about ACN was true or false. The terms of the Settlement Agreement were clear–<u>any</u> information, business practices, legal proceedings, and activities were covered. The agreement did not limit the protected information only to falsehoods, criminal activities, or misstatements. Thus, the arguments that plaintiff corporation and its officers conducted the wrongful activities alleged on the website is immaterial. The court finds that Mr. Williams did violate the terms of the Settlement Agreement and plaintiffs are entitled to a finding of liability against him.

    *2. ACN's Entitlement to Damages*

The question then becomes to what damages, if any, is ACN entitled. ACN does not offer a particular amount, but suggests that it is entitled to damages "in an amount deemed appropriate and reasonable by the Court." (Brief page 16) However, plaintiffs have not

provided facts from which the court could make such determination–whether lost profits, out of pocket costs, liquidated damages, or other measure. Proof of damages is plaintiff's burden. In general, damages must be proved by the plaintiff by establishing both the existence and amount of such damages with reasonable certainty. See, Schonfeld v. Hilliard, 218 F3d 164 (2nd Cir. 2000). In seeking lost profits, the plaintiff must show the existence and amount of lost profits and that the lost profits were within the contemplation of the parties. 218 F.3d at 173. The court noted that "the entrepreneur's 'cheerful prognostications" are not enough." Id. There is no showing that plaintiffs' business operations suffered a loss as a result of the website publications, which were only in operation a short while. Further, there is no showing that Mr. Williams made any profit from the operation of the website or profited in any other way from the disclosure of the information. In addition, proof of damages generally requires expert testimony, subject to the gatekeeping provisions of F.R.C. P. Rule 702, codifying Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). No such expert testimony is referenced or implied in the motion. Damages for breach of a settlement agreement are even more constrained, with the language of the Settlement Agreement, as a contract which must have clear and unambiguous terms, the determiner of damages. See, Pennbarr Corp v. Ins. Co. of N.Am., 976 F.2d 145, 149 (3rd Cir. 1992). Here, neither side has offered any contractual language to be used to ascertain the intent of the parties regarding damages for breach. Thus, there is no showing of the existence of any monetary damages. When the existence of damages is uncertain, contingent or speculative damages should not be awarded. See, Suitt Construction v. Ripley's Aquarium, 108

Fed. Appx. 309, 2004 WL 1859349 (6th Cir.)(unpublished). Therefore, it is recommended that plaintiff be awarded nominal damages in the amount of $1.00.

### 3. *ACN's Entitlement to Injunctive Relief*

ACN seeks to have the terms of the Settlement Agreement between the parties converted into an order of the court in the nature of a continuing injunction. There are a myriad of reasons why this relief is not warranted. Discussion of a few should suffice. First, the federal court is a court of limited jurisdiction. This case is not here because of any important federal constitutional or statutory claim; rather, we are only offering a forum for dispute resolution between parties of different states where more than $75,000 is in controversy. Here, the monetary amount is indeed questionable, though it may not have been so at the time the action was filed. It does not appear that the jurisdictional amount would be met were the action to continue or return post judgment. Also, were Mr. Williams to move to Michigan, our jurisdiction would cease because diversity would be lacking, regardless of the amount in controversy, and the court's jurisdiction to enforce the injunction would indeed be questionable.

Further, enforcement of the Settlement Agreement is subject to Michigan law. There are public policy limitations in this regard. The Agreement does not appear to be limited in time or geographic scope and purports to restrict rights of free speech and competition as to Mr. Williams, a former employee. Under the Restatement Second of Contracts §188 (1981), such a promise by an employee or agent not to compete in the future must be closely analyzed and invalidated as a matter of public policy if the relationship is unreasonable or in restraint of trade, that is, if the restraint is greater than is needed to protect the employer's legitimate interest. In

addition, courts have been reluctant to uphold employees' promises to refrain from competition because employer claims of confidential information are often difficult to distinguish from normal skills of the trade, and because the likely injury to the public may be too great if it is seriously harmed by the impairment of a worker's economic mobility or by the unavailability of the skills developed in his employment.  See, e.g., Hoskins Mfg. Co. v. PMC Corp., 47 F. Supp. 2d 852, 857 (E.D. Mich. 1999).  These are clear policies underlying the common law in Michigan.  See, Sterling v. Cheatle, 1997 WL 333480002 at *3 (Mich App).  These lurking constitutional issues and Michigan's public policy regarding the limits which must be placed upon covenants not to compete make imposition of an injunction particularly unwise.  This court could be faced with enforcing an injunction with terms inconsistent with Michigan law.

In addition, Mr. Williams is a *pro se* defendant. In such circumstances, the court should be particularly concerned with protecting the rights of the *pro se* litigant and avoiding overreaching by the well-established corporate defendant.  Similarly, the Settlement Agreement was not arrived at in the context of any federal case.  Indeed, it resulted from lawsuits in two separate states–Virginia and Michigan–in both of which Mr. Williams had prevailed in the first instance, and was arrived at outside of any court process and between parties of very different economic strengths.  It is actually unclear whether Mr. Williams was represented by counsel at the time he entered into this agreement.  The court cannot say that were it to reach a resolution which would have the force and effect of law that it would decide similarly to the terms of the Agreement.  Because the court has not approved the Settlement Agreement nor assessed its clarity or wisdom, injunctive relief would be inappropriate.

Finally, injunctive relief is an extraordinary form of equitable relief which is only granted upon particular circumstances being shown. The moving party must demonstrate a likelihood of success on the merits, that it will suffer irreparable injury without the grant of extraordinary relief, and the probability that granting the injunction will not cause harm to others and will advance the public interest. Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994). These issues have not been briefed or argued by ACN. In the absence of specific proof, we cannot assume they are would be shown. Thus, ACN should not be granted injunctive relief.

*Conclusion*

Accordingly, it is recommended that the motion for partial summary judgment be granted in part, that summary judgment as to liability be entered in favor of plaintiff ACN, that damages be awarded in the nominal sum of $1.00 against Mr. Williams, that plaintiffs' request for injunctive relief be denied, and the case be dismissed in its entirely without costs or fees, and without the court's retention of any jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:   April 5, 2005

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record herein by electronic means or U.S. Mail on <u>April 5, 2005.</u>

<u>s/Jennifer Hernandez</u>
Case Manager to
Magistrate Judge Morgan